IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DASIA DOBBINS, | |
| Plaintiff, | Case No. 23 CV 16101 |
| v. | |
| ALLIANT CREDIT UNION, MARIANNA SPIZZIRRI, and JAEL CACUCCIOLO | Judge Pallmeyer |
| Defendants. | |

**FIRST AMNDED COMPLAINT FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. SECTION 2000E *ET SEQ.*, 42 U.S.C. SECTION 1981, ET SEQ., VIOLATIONS OF THE EQUAL PAY ACT, 29 U.S.C. SECTION 206, ET SEQ., VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT, TITLE 29 U.S.C. SECTION 2601 ET SEQ, AND FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff, Dasia Dobbins ("Dobbins" or "Plaintiff"), by and through her attorney, Tod Rottman, of Barrett & Farahany, and for her First Amended Complaint against Alliant Credit Union ("Allliant"), Marianna Spizzirri ("Spizzirri"), and Jael Caccucciolo ("Caccucciolo"), alleges and states as follows:

**Introduction**

1. Plaintiff, Dasia Dobbins, an African American female, was hired by Alliant as a Collector. Plaintiff was routinely and repeatedly harassed and treated differently than non-black, male, similarly situated employees. The actions taken against her, included, but were not limited to, assigning her to undesirable jobs, denial of promotions, and repeated unwarranted discipline, which was not given to non-black, male employees committing the same acts. Plaintiff was also paid at a lower rate than males in a similar job position. Plaintiff was retaliated against for taken a medical leave due to the intentional infliction of emotion distress, anxiety and stress caused by Defendant. Plaintiff was terminated in violation of violation of the statutes listed below.

2. Plaintiff filed a charge of discrimination based on gender and race/color with the EEOC for violations of Title VII based on gender and race/color in the form of claims of a hostile

work environment, retaliation, and wrongful termination and for violations of the Equal Pay Act and Family Medical Leave Act.

## Parties

3.      Plaintiff is a citizen of the United States and of the State of Illinois who at all relevant times resided within the territorial jurisdiction of the United States District Court for the Northern District of Illinois.  Plaintiff is an African American female.  At all relevant times she was an employee pursuant to 42 U.S.C. Section 2000e-(f), 29 U.S.C. Section 630(f), and 29 C.F.R. Section 825.

4.      Alliant is a corporation that at all relevant times regularly conducted business in Chicago, Illinois, within the territorial jurisdiction of the United States District Court for the Northern District of Illinois.  During all times relevant hereto, Defendant was a covered employer pursuant to 42 U.S.C. Section 2000e-(b), 28 U.S.C. Section 630(b), and 29 C.F.R. Section 825.104.

## Jurisdiction

5.      Plaintiff flied a charge with the United States Equal Employment Opportunity Commission, on the basis gender and race.

6.      Plaintiff received a notice of right to sue on this charge on or about August 28, 2023.

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331, as this claim involves a federal question brought under Title VII, 42 U.S.C. Section 1981, 29 U.S.C. Section 621, and 29 U.S.C. Chapter 8, Section 206(d), and 29 C.F.R. Section 825.104.  This Court has supplemental jurisdiction over the state law claims pled in this action pursuant to 28 U.S.C. §1367 because they are part of the same core controversy as those pled under the Federal Statutes.

## Venue

8.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because at all relevant times, Defendant regularly conducted business in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## Facts

9. Plaintiff began working in the Collection Department as a Collector for Defendant on or about September 16, 2019.

10. Soon thereafter, Alliant, through its supervisors Spizzirri and Caccucciolo began harassing and treating Plaintiff differently based upon her gender and race/color.

11. Plaintiff was routinely and repeatedly treatment differently than non-black, male employees in similar positions.

**Plaintiff denied opportunities for advancement with Alliant**

12. During Plaintiff's employment, she worked in the Collections Department.

13. Defendant has different department within its organization, with some of the departments being more desirable to employees than others.

14. Alliant denied plaintiff the opportunity to work in various positions with the defendant including but not limited to the recovery, accounts payable, and quality insurance departments.

15. The plaintiff was repeatedly denied the ability to take positions in other departments that were considered more valuable to alliant.

16. The denial of the plaintiff's ability to change departments affected her upward mobility in the company and her ability to increase her salary

17. Defendant's actions in limiting and denying Plaintiff the more desirous work assignments was a tangible employment action effecting Plaintiff's ability to advance her employment and her compensation.

**Plaintiff Complained about her being treated differently than non-black, male employees**

18. Plaintiff made internal complaints about the conduct of the Defendant's supervisors.

19. Following her internal complaints, the Defendant's conduct continued and worsened.

**Plaintiff was paid less than non-black and male employees**

20. Plaintiff was paid less than similarly situated non-black employees.

21. Plaintiff was paid less that similarly situated male employees.

22. Defendants continued denial of Plaintiff's attempt to change departments and advance her career, led to her making less that similarly situated non-black, male employees.

**Plaintiff was denied overtime opportinuties**

23. Defendants denied Plaintiff overtime opportunities by assigning overtime to other non-black, male employees in the Collections Department adversely effecting her ability to earn money.

24. Defendants denied Plaintiff's attempt to change to departments that would have increased her opportunity for overtime adversely effecting her ability to earn money.

**Plaintiff was wrongfully terminated by Defendant**

25. Defendant terminated Plaintiff's employment without justification and in retaliation for her internal complaints, based upon her gender and race.

26. Defendant terminated Plaintiff in retaliation for her taken medical leave that was necessary due to the stress and anxiety caused by Defendant.

27. Defendant's conduct, including her termination, has caused Plaintiff mental and psychological anguish leading her to seek counseling.

28. Defendant's conduct would cause a reasonable person to experience mental and psychological anguish.

29. Defendant's behavior became sufficiently severe and pervasive to alter the conditions of Plaintiff's employment.

30. Defendant's behavior became sufficiently severe, pervasive and intolerable.

**COUNT I**
**DEMAND FOR RELIEF**
**FOR HARASSMENT ON THE BASIS OF RACE AND COLOR**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42**
**U.S.C. §2000E *ET SEQ.*, AND 42 U.S.C. §1981**

31. Plaintiff restates and re-alleges paragraphs 1 through 30, as paragraph 31 of this Count I.

32. By virtue of the foregoing, Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.* and 42 U.S.C. Section 1981.

33. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

34. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under Title VII and 42 U.S.C. §1981, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Dasia Dobbins, respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants, for back pay, front pay, loss of benefits, compensatory and punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

### COUNT II

### DEMAND FOR RELIEF
### FOR RETALIATION ON THE BASIS OF RACE AND COLOR
### IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. Section 2000E *ET SEQ.*, AND 42 U.S.C. Section 1981

35. Plaintiff restates and re-alleges paragraphs 1 through 30, as paragraph 35 of this Count II.

36. Defendant created and maintained a hostile work environment based on Plaintiff's race/color that Plaintiff was forced to endure daily, including failure to promote and denial of overtime opportunities.

37. By virtue of the foregoing, Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

38. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

39. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under Title VII and 42 U.S.C. §1981, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Dasia Dobbins, respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants, for back pay, front pay, loss of benefits, compensatory and punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

## COUNT III
## DEMAND FOR RELIEF
## FOR WRONGFUL DISCHARGE ON THE BASIS OF RACE AND COLOR
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000E *ET SEQ.*, AND 42 U.S.C. §1981

40. Plaintiff restates and re-alleges paragraphs 1 through 30, as paragraph 40 of this Count III.

41. By virtue of the foregoing, Plaintiff suffered harassment that no reasonable person could expect to sustain, and which caused Plaintiff serious emotional distress, threats to her health and causing Plaintiff to seek therapy.

42. Plaintiff was wrongfully terminated on January 21, 2022, based on Plaintiff's race and color.

43. By virtue of the foregoing, Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e *et seq.* and 42 U.S.C. section 1981.

44. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

45. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under Title VII and 42 U.S.C. §1981, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Dasia Dobbins, respectfully requests that this Honorable Court enter judgment in his favor and against all Defendants, for back pay, front pay, loss of benefits, compensatory and punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

**COUNT IV**
**DEMAND FOR RELIEF**
**FOR HARASSMENT ON THE BASIS OF GENDER**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. SECTION 2000E *ET SEQ.*, AND 42 U.S.C. SECTION 1981**

46. Plaintiff restates and re-alleges paragraphs 1 through 30, as paragraph 46 of this Count IV.

47. By virtue of the foregoing, Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

48. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

49. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under Title VII and 42 U.S.C. §1981, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Dasia Dobbins, respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants, for back pay, front pay, loss of benefits, compensatory and punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

**COUNT V**
**DEMAND FOR RELIEF**
**FOR RETALIATION ON THE BASIS OF GENDER IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 .S.C. §2000E *ET SEQ.*, AND 42 U.S.C. §1981**

50. Plaintiff restates and re-alleges paragraphs 1 through 30, as paragraph 50 of this Count V.

51. Defendant created and maintained a hostile work environment based on Plaintiff's race/color that Plaintiff was forced to endure daily, including the denial of overtime opportunities.

52. By virtue of the foregoing, Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

53. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

54. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under Title VII and 42 U.S.C. §1981, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Dasia Dobbins, respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants, for back pay, front pay, loss of benefits, compensatory and punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

### COUNT VI
### DEMAND FOR RELIEF
### FOR WRONGFUL DISCHARGE ON THE BASIS OF GENDER IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. §2000E *ET SEQ.*, AND 42 U.S.C. §1981

55. Plaintiff restates and re-alleges paragraphs 1 through 30, as paragraph 55 of this Count VI.

56. By virtue of the foregoing, Plaintiff suffered harassment that no reasonable person could expect to sustain, and which caused Plaintiff serious emotional distress and threats to his health.

57. Plaintiff was wrongfully terminated On January, 21, 2022. based on Plaintiff's race and color.

58. By virtue of the foregoing, Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

59. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

60. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under Title VII and 42 U.S.C. §1981, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Dasia Dobbins, respectfully requests that this Honorable Court enter judgment in his favor and against all Defendants, for back pay, front pay, loss of benefits, compensatory and punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

## COUNT VII
## DEMAND FOR RELIEF
## FOR VIOLATION OF THE EQUAL PAY ACT,
## 29 USC, CHAPTER 8 §206(d)

61. Plaintiff restates and re-alleges paragraphs 1 through 30, as paragraph 61 of this Count VII.

62. Plaintiff was paid wages at a lower rate or compensation than non-female employees engaged in the same job.

63. By virtue of the foregoing, Defendant violated the Equal Pay Act, 29 U.S.C. Chapter 8, section 206(d).

64. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

65. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under the Equal Pay Act, 29 U.S.C. Chapter 8, section 206(d), warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Dasia Dobbins, respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants, for back pay, front pay, loss of benefits, compensatory and punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

## COUNT VIII
## DEMAND FOR RELIEF FOR INTERFERENCE WITH LEAVE RIGHTS IN VIOLAITON OF THE FAMILY AND MEDICAL LEAVE ACT

66. Plaintiff restates and realleges paragraphs 1 through 30 as paragraph 66 of this Count VIII.

67. By virtue of the foregoing, Defendant interfered with Plaintiff's right to take leave in violation of the Family and Medical Leave Act by retaliating against Plaintiff for taken leave.

68. By virtue of the foregoing, Defendant discriminated against Plaintiff for having sought leave under the Family and Medical Leave Act.

69. As a result of these violations, Plaintiff suffered damages.

WHEREFORE, Plaintiff, Dasia Dobbins, respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants, and award her backpay, front pay, pre and post judgment interest, liquidated damages, attorneys' fees and costs, and such other and further relief as this Court deems just and equitable.

## COUNT IX
## DEMAND FOR RELIEF FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESSS AGAINST ALL DEFENDANTS

70. Plaintiff restates and realleges paragraphs 1 through 30 as paragraph 7 of this Count IX.

71. By virtue of the foregoing, Defendants, based upon their knowledge of Plaintiff's vulnerabilities, intentionally and maliciously engaged in extreme and outrageous conduct calculated to cause Plaintiff severe emotional and physical distress.

72. As a result of Defendant's actions, Plaintiff suffered severe emotional and physical distress.

73. Defendants Spizzirri and Caccucciolo were using their authority as supervisors for Defendant to intentionally cause Plaintiff severe emotional and physical distress, such that Defendant Alliant is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff, Dasia Dobbins, respectfully requests that this Honorable Court enter judgment in his favor and against Spizzirri and Caccucciolo and Alliant jointly and severally award her compensatory and punitive damages, and such other and further relief as this Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

    Respectfully submitted,
    Dasia Dobbins


<u>By:</u> /s/ Tod Rottman
Her Attorney


Tod Rottman
Barret & Farahany
77 W. Wacker Dr.
Chicago, IL 60602
Ph: 773-366-8521
Fax: 404-214-0125
ARDC# 6270528
trottman@justiceatwork.com